SANTIAGO ROS, ETC., Plaintiff and Appellant, v. JUSTINO BARRETO ALDAHONDO ET AL., Defendants and Appellees.

No. 7092. Argued July 15, 1935.—Decided July 16, 1935.

*Diego O. Marrero* for appellant. *Angel A. Vázquez* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a proceeding for a preliminary injunction which was dismissed by the District Court of San Juan, the plaintiff was adjudged to pay the costs. The defendant presented his memorandum of costs wherein he included an item of $300 for attorney's fees, which the court approved; and thereupon the plaintiff took the present appeal. The defendant has asked to dismiss the same as frivolous because, since the appellant is not preparing a transcript of the evidence or a statement of the case for prosecuting the appeal, we could not be, in deciding the appeal, in the same position as the lower court was when it approved the $300 for attorney's fees.

In a motion for an extension of time presented by the appellant for filing the transcript of record in this court, he states that in his appeal he will rely solely and exclusively on the judgment roll, inasmuch as no evidence was adduced before the court below in the proceedings complained of. From certificates presented by the appellee it appears that the appellant is not preparing in said court a statement of the case, and that he has not requested that the transcript of the evidence be prepared. The discrepancy existing between the parties is that while the appellant says that no evidence was adduced to decide on the matter of costs, the appellee maintains that there was evidence introduced, and that as the same has not been brought up to this court the appeal is frivolous, because this court cannot hold that the amount granted as attorney's fees is excessive. The lower court, in passing upon the question relative to the amount of the attorney's fees, declared with reference to that item, as follows:

"The item for attorney's fees is not excessive. When the petition for injunction was presented, the defendant appeared and filed motions impeaching the sufficiency of the sureties and requesting the setting aside of the restraining order and that certain particulars of the petition be stricken out. A hearing was held and the only defendant appeared. The court set aside the restraining order on

the ground of the insufficiency of the bond. The plaintiff Santiago Ros was substituted by Guillermo Román, and an amended petition for injunction was filed. A new restraining order was issued, and the defendant again appeared filing a return to the rule to show cause and answering the petition for a preliminary injunction. The hearing was then had on January 4 and 8, 1935, and both parties appeared and introduced documentary and testimonial evidence. The defendant in addition filed a memorandum of 11 pages, wherein he analyzed the evidence and argued on the legal questions involved.

"Therefore, the memorandum of costs for the sum of $307 is approved and Santiago Ros, substituted by Guillermo Román, is sentenced to pay Justino Barreto the sum of $307 as costs. The clerk will issue the corresponding writ of execution if said amount is not paid within the term prescribed by law."

The words just quoted show that the court, in passing upon the amount of the attorney's fees, took into consideration the evidence adduced at the hearing, including the documentary and oral evidence presented at the time, and hence there was evidence before it; and as the appellant is not going to bring up such evidence to this court, we shall not be in a position to decide his appeal and hence the same is frivolous. *Ceballos* v. *Heirs of Alvarez*, 44 P.R.R. 574. Independently of all this, it seems to us that if we should take into consideration everything that the court below had before it, we would hardly reverse the ruling appealed from.

The appeal will be dismissed.